IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,076-01






EX PARTE JUAN RAMIREZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 
CAUSE NO. 98-CR-1289-E IN THE 148TH DISTRICT COURT 

NUECES COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant was convicted of the offense of aggravated assault and sentenced to confinement
for fifteen years. Applicant's conviction was affirmed on appeal. Ramirez v. State, No. 13-00-00708-CR (Tex. App.--Corpus Christi, delivered May 23, 2002, pet. ref'd).

 Applicant contends that counsel represented Applicant and co-defendant Arnold
Morin, despite an obvious conflict of interest, and that, as a result, counsel was ineffective.
The trial court has entered an order concluding "that there are no controverted, previously
unresolved facts material to the legality of the Applicant's confinement. . . ." However, we
disagree. Applicant has stated facts requiring resolution. Because this Court cannot hear
evidence, it is necessary for the matter to be remanded to the trial court for resolution. The
trial court shall resolve the factual issues as set out in Tex. Code Crim. Proc. art. 11.07, §
3 (d), in that it may order affidavits, depositions, or interrogatories from counsel, or it may
hold a hearing. In the appropriate case, the trial court may also rely on personal recollection. 
 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make findings of fact
as to why counsel continued to represent Applicant and to argue that Applicant was the
perpetrator, when there was State evidence showing that Morin was the perpetrator. The trial
court shall then make findings of fact as to whether counsel was able to effectively represent
Applicant and Morin in a single proceeding and whether counsel's decision to argue that
Applicant was the perpetrator constituted a conflict of interest and ineffective assistance of
counsel. The trial court shall also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex.Crim.App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits, the transcription of the court reporter's notes
from any interrogatories or hearings held, along with the trial court's findings of fact and
conclusions of law, shall be returned to this Court within 120 days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 3rd day of May, 2006.




 

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.